## VILLERS v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.   December 5, 1918.)

### No. 1650.

CONSPIRACY ⬤⇒47—TO VIOLATE INTERNAL REVENUE LAW—SALE OF LIQUOR THROUGH GO-BETWEEN.

Evidence that defendant had whisky for sale, although he had not paid special tax as a retail liquor dealer, and sold whisky to a third person through an acquaintance, who brought the orders, *held* sufficient to sustain a verdict for conspiracy with the acquaintance to violate the statute.

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.

Criminal prosecution by the United States against Victor Villers. Judgment of conviction, and defendant brings error.   Affirmed.

Lafayette C. Crile, of Clarksburg, W. Va., for plaintiff in error.

Stuart W. Walker, U. S. Atty., and Charles N. Campbell, Asst. U. S. Atty., both of Martinsburg, W. Va., and Harry H. Byrer, Asst. U. S. Atty., of Philippi, W. Va., for the United States.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

KNAPP, Circuit Judge.   Villers, plaintiff in error, and one Klacko, indicted jointly with him, were convicted of conspiring to carry on the business of a retail liquor dealer without having paid the special tax required by law.   It is here urged in his behalf that there was no proof to sustain the charge of conspiracy, and therefore the trial court erred in refusing to direct a verdict for the defendant.

At the time of his arrest, in March, 1918, Villers was the assistant postmaster of Clarksburg, W. Va., and Klacko the clerk or manager of a store in that city.   They had become acquainted not long before, and Klacko had learned in some way that whisky could be procured from Villers.   Called as a witness for the government, Klacko testified to buying whisky from Villers for himself, and also for one Lazovich, a fellow countryman, whose acquaintance he made about that time.   Lazovich was an agent of the Department of Justice, and happened to be in Clarksburg on other business.   Learning from Klacko, with whom he became friendly, that whisky could be bought from Villers, he set about getting evidence that would convict him of the offense.   Accordingly, he arranged with Klacko, who appears to have been unaware of his purpose, to buy whisky for him from Villers, and four such purchases were made during the next eight or ten days.   Lazovich furnished the money, Klacko took the order to Villers, and the latter delivered the liquor at Klacko's store.   On the last occasion, and while in the act of handing over a couple of quarts of whisky, Villers was arrested.

These facts, wholly undenied by Villers, were quite sufficient to show that he was engaged in the illegal sale of liquor, and to warrant

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the inference of that understanding and relationship with Klacko which the law regards as a conspiracy. Villers had a quantity of whisky for sale, where or how procured does not appear, and Klacko was not unwilling to help him dispose of it. Each aided the other, and their mutual co-operation effected the criminal result; and what they repeatedly united in doing, both knowing it to be unlawful, the jury might well believe they had in effect conspired to do, and nothing more needs be said in defense of the refusal to direct a verdict. The question was clearly one of fact, and the finding of the jury is conclusive.

The conspiracy having been established, as the jury found, the statement made by Klacko to Lazovich, when Villers was not present, that Villers was the man who supplied him with whisky, was competent evidence against them both, under a familiar and well-recognized rule of law.

We have examined the other questions argued in the brief of counsel, but find none of sufficient merit to require discussion.

Affirmed.